

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Will Crow
County Attorney
Hemphill County
Canadian, Texas

Dear Sir:

Opinion No. O-3432
Re: Fees for county clerk
keeping the records of
the county surveyor's
office, and related
question.

This will acknowledge receipt of your letter of
April 16, 1941, signed jointly by yourself and Honorable
Hiram Park, County Clerk of Hemphill County, requesting the
opinion of this department upon the following questions:

"During the past ten or fifteen years
Hemphill County has not had a county surveyor,
and no licensed land surveyor, lives in this
County. The Surveyors' records have been kept
by the County Clerk, in the County Clerk's of-
fice, and have been turned over to the County
Clerk by the Commissioners' Court for keeping.
Surveyors come in from outlying counties and
survey land in Hemphill County, and some of
these surveyors have the Clerk record the field
notes and pay him the fee for the recording;
others think that they are entitled to do their
own recording and keep the fee for same, and
that they have the right to take the Surveyors'
records out of the Clerk's office, etc. I
maintain that since the County does not have
a County Surveyor, and the records have been
turned over to the County Clerk for safe keep-
ing, that the Clerk is entitled to receive the
fee for the recording of all field notes. Please
tell me what is your opinion in this matter.

"The surveyor who is surveying the
'Oklahoma Strip' says he has bound all field
notes on land along the strip into one volume
of field notes, and he proposes to file this
volume in the Clerk's office. Do you think
this would be the proper way to handle this,
or should it be recorded in our regular volume
of field notes?"

Since your county does not have a county surveyor,
the county clerk has properly taken charge of all the maps,
papers and records belonging to the county surveyor's office
under the authority of Article 5297, Revised Civil Statutes of
Texas, which reads as follows:

"Art. 5297. Whenever an organized county
from any cause has not a qualified county sur-
veyor, the county clerk of such county shall
take charge of all records, maps and papers
belonging to the county surveyor's office and
safely keep the same in his office."

For the recording of all surveys and field notes
the county surveyor is entitled to charge the fees prescribed
by Article 3944 and Article 5290, Revised Civil Statutes of
Texas.

"Art. 3944. County surveyors shall re-
ceive the following fees:

"Inspecting and recording the field-notes
and plat of a survey for any tract of land over
one-third of a league . . . . . . . . . . . $3.00

"One-third of a league . . . . . . . 2.00

"Less than one-third of a league . 1.00

"For recording surveys and plats required
by law to be placed upon the map of a new coun-
ty, for each 100 words . . . . . . . . .     .20

"Examination of papers and records in his
office at the request of any person . .   .25

"* * *."

"Art. 5290.  To record field notes--

"Each county surveyor shall record in a
well bound book all the surveys in his county,
with the plats thereof that he may make, wheth-
er private or official.  Such record shall be
open to the inspection of the public.  For such
service the surveyor may charge in addition to
the fees allowed by law for field work, twenty
cents per hundred words for such record."

It must be noted that under Article 5276 and Article
5277, Revised Civil Statutes of Texas, 1925, "licensed land
surveyors" are given the right to record their own surveys and
field notes in the county surveyor's office, and if they do so,
they are not required to pay any fee to the county surveyor or
county clerk.  We hereby quote Articles 5276 and 5277, under-
scoring the provision which we believe requires the foregoing
construction:

"Art. 5276.  Authority of licensee

"Land surveyors licensed under these pro-
visions are hereby authorized to perform the
duties that may be performed by county surveyors,
and shall be subject to the direction of the Gov-
ernor, Land Commissioners, Attorney General and
the courts of the State in matters of land survey-
ing in such cases as may come under the supervision
of such authorities.  The jurisdiction of such
licensees shall be coextensive with the limits of
the State.  They may hold the office of county
surveyor, and if so elected shall qualify as pro-
vided by law for county surveyors, but such elec-
tion for any particular county shall not limit
the jurisdiction of said surveyor to such county,
nor shall the election of a county surveyor for
any particular county prevent any licensed surveyor
from performing the duties of a surveyor in such
county.  All field notes made by one licensed under
this law shall be signed by such surveyor, followed
by the designation, 'Licensed land surveyor.'"

"Art. 5277.  Field notes to be recorded

"Every survey made by any licensed surveyor
shall be recorded in the county surveyor's records

of the proper county, <u>and for the purpose of such record, and for all other purposes, licensed surveyors shall have free and unrestrained access to the county surveyor's records.</u> The field notes of all surveys and plats of same made by any licensed land surveyor affecting the lines, boundaries and areas of unpatented land shall be forwarded to the Land Office. All field notes made by a licensed land surveyor in any county in this State shall have the same force and effect and be admissible in evidence the same as field notes made by county surveyors." (Underscoring ours)

Whereas Article 5297, supra, directs the county clerk to "take charge of all records, maps and papers" where there is no county surveyor, we have been unable to find any statute which authorizes the county clerk to <u>record</u> any instruments pertaining to the office of county surveyor. Articles 3944 and 5290, supra, prescribe fees for recording by county surveyors, but authorize no fees for county clerks in such cases. Consequently, we are of the opinion that a county clerk is authorized to charge no fees for recording maps, field notes, etc. among the records of the office of county surveyor of which he has taken custody. Licensed land surveyors, duly licensed under the provisions of Chapter 1, Title 68, Revised Civil Statutes, are expressly authorized, under Articles 5276 and 5277, supra, to record their own field notes, maps, etc. in the office of the county surveyor, without paying any fee for the privilege of so doing. If a surveyor should employ the county clerk to do recording for him, it would be a matter of private contract between them, and in such event the county clerk would not be acting in his official capacity and any compensation paid him for such services would not be assessable as fees of office.

As to the surveyor referred to in the last paragraph of your letter who is surveying the "Oklahoma Strip"; if he is a licensed land surveyor, he would be entitled to record his own field notes and if he has bound the same in a "well bound book" the same may be received by your county clerk as part of the permanent records of his office, and you would be entitled to no fees for receiving the same.

APPROVED MAY 14, 1941

ATTORNEY GENERAL

WRK:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant